IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RANDY EUGENE BAILEY, # 169804, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>PHYLLIS J. BILLUPS, *et al.,* )<br>)<br>    Respondents. ) | Civil Action No. 3:16cv115-WKW<br>(WO) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Randy Eugene Bailey ("Bailey") on February 19, 2016. Doc. No. 1.[1] Bailey challenges the sufficiency of the evidence to support his 2013 Lee County conviction for unlawfully manufacturing methamphetamine. *Id*. at 5. For the reasons that follow, it is the recommendation of the Magistrate Judge that Bailey's § 2254 petition be denied without an evidentiary hearing and this case be dismissed with prejudice.

**I.   BACKGROUND**

On April 10, 2013, a Lee County jury found Bailey guilty of first-degree unlawful manufacture of a controlled substance, methamphetamine, in violation of § 13A-12-218,

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

Ala. Code 1975.  *See* Doc. No. 9-1 at 30; Doc. No. 9-3 at 62.  On May 15, 2013, the trial court sentenced Bailey, as a habitual offender, to 21 years in prison.  Doc. No. 9-3 at 73.

Bailey appealed, challenging the sufficiency of the evidence to support his conviction.  *See* Doc. No. 4.  On February 28, 2014, the Alabama Court of Criminal Appeals affirmed his conviction by unpublished memorandum opinion, finding there was sufficient evidence to support his conviction.  Doc. No. 9-6.  Bailey applied for rehearing, which was overruled on March 21, 2014.  Doc. Nos. 9-7 & 9-8.  Bailey sought certiorari review in the Alabama Supreme Court, which denied his petition for writ of certiorari on August 8, 2014.  Doc. No. 9-9.  A certificate of judgment was entered that same date.  Doc. Nos. 9-9 & 9-10.

On February 26, 2015, Bailey filed a petition with the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  *See* Doc. No. 1-1 at 27.  With his Rule 32 petition, Bailey submitted a request to proceed *in forma pauperis* ("IFP").  *Id.* at 7–9.  On April 10, 2015, however, the trial court denied Bailey's IFP request, finding that his prison account had sufficient funds to pay the filing fee and directing him to pay the fee by July 13, 2015, or else his petition would be dismissed without prejudice.  *Id.* at 29.  Bailey did not pay the filing fee,o but instead filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals asking that court to direct the trial court to grant his IFP request.  Doc. No. 9-11.  On October 29, 2015, the Alabama Court of Criminal Appeals denied Bailey's petition for mandamus, agreeing with the trial court that Bailey's prison account showed sufficient funds to pay the Rule 32 filing fee.  Doc. No. 9-12.  On December 8, 2015, the trial court entered an order dismissing Bailey's

2

Rule 32 petition without prejudice. Doc. No. 1-1 at 30. Bailey did not seek further review in the state courts.

On February 19, 2016, Bailey initiated this habeas action by filing a § 2254 petition pursuing his claim, raised in the state courts, that there was insufficient evidence to support his conviction for first-degree unlawful manufacture of methamphetamine in violation of § 13A-12-218, Ala. Code 1975. *See* Doc. No. 1 at 5. The respondents maintain that Bailey's petition is time-barred by the one-year federal limitation period (*see* Doc. No. 9 at 3–5) and that, in any event, Bailey's sole claim challenging the sufficiency of the evidence was correctly addressed and rejected on the merits by the state courts (*see* Doc. No. 17 at 5–7). Because it appears that Bailey's § 2254 petition was timely filed, this court will address the merits of Bailey's claim challenging the sufficiency of the evidence to support his conviction.[2] And because this claim was correctly decided by the state courts, Bailey is not entitled to federal habeas relief.

---

[2] Bailey's conviction became final—and the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitation period, as set forth in 28 U.S.C. § 2244(d), began to run—on November 6, 2014, that is, 90 days after the Alabama Supreme Court's August 8, 2014 denial of Bailey's petition for writ of certiorari and the issuance of the certificate of judgment on direct review. *See* 28 U.S.C. 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298–99 (11th Cir. 2006); *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). Pursuant to 28 U.S.C. § 2244(d)(2), the federal limitation period was tolled when Bailey filed a state Rule 32 petition accompanied by an IFP request on February 26, 2015. *See* 28 U.S.C. § 2244(d)(2) (the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward AEDPA's one-year limitation period); *Smith v. Comm'r, Alabama Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) ("Alabama courts have unequivocally required that one of these formalities, either the payment of the filing fee or the filing of an *in forma pauperis* motion, be completed in order for a Rule 32 petition to be considered properly filed."). Accounting for the tolling under § 2244(d)(2), Bailey's § 2254 petition was filed with this court before expiration of AEDPA's limitation period. Bailey asserts that he is entitled to equitable tolling of the limitation period because he was hospitalized and received medical treatment for a serious illness (liver cancer) in the later months of 2015, preventing him from filing his § 2254 petition until February 2016. *See* Doc. Nos. 11 at 1–2 & Doc. No. 19. However, it is unnecessary to address Bailey's equitable tolling argument since the court finds that his § 2254 petition was filed within AEDPA's limitation period.

3

## II.  DISCUSSION

**A.   Standard of Review**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams,* 529 U.S. at 404–06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not

4

substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or … could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.      Sufficiency of the Evidence to Support Conviction**

Bailey claims there was insufficient evidence to support his conviction for first-degree unlawful manufacture of methamphetamine. Doc. No. 1 at 5. Bailey exhausted this claim in the state courts by presenting it to the trial court (by motion of judgment of acquittal) and then pursuing it through the direct-appeal process. The claim was adjudicated

on the merits by the Alabama Court of Criminal Appeals, which decided that the evidence was sufficient to support Bailey's conviction. *See* Doc. No. 9-6.

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. Habeas relief on the merits of a claim of legally insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324; *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> [T]his inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." . . . [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson*, 443 U.S. at 318–19. Both direct and circumstantial evidence is examined. *Id*. at 319.

Bailey was convicted of first-degree unlawful manufacture of methamphetamine, a violation of § 13A-12-218, Ala. Code 1975. Section 13A-12-218 provides in relevant part:

> (a) A person commits the crime of unlawful manufacture of a controlled substance in the first degree if he or she violates Section 13A-12-217 and *two or more* of the following conditions occurred in conjunction with that violation:

> . . . .
>
> (3) Illegal possession, transportation, disposal of hazardous or dangerous materials while transporting or causing to be transported materials in furtherance of a clandestine laboratory operation, there was created a substantial risk to human health or safety or a danger to the environment.
>
> (4) A clandestine laboratory operation was to take place or did take place within 500 feet of a residence, place of business, church, or school.
>
> . . . .
>
> (6) A clandestine laboratory operation was for the production of controlled substances listed in Schedule I or Schedule II.

§ 13A-12-218, Ala. Code 1975 (emphasis added).  Section 13A-12-217, Ala. Code 1975, provides:

> (a) A person commits the crime of unlawful manufacture of a controlled substance in the second degree if, except as otherwise authorized in state or federal law, he or she *does any of the following*:
>
> (1) Manufactures a controlled substance enumerated in Schedules I to V, inclusive.
>
> (2) Possesses precursor substances as determined in Section 20-2-181, in any amount with the intent to unlawfully manufacture a controlled substance.[3]

§ 13A-12-217, Ala. Code 1975 (emphasis added).

On direct appeal, in pursuing his challenge to the sufficiency of the evidence to support his conviction, Bailey argued that the State's evidence "raised only the mere suspicion that [he] was manufacturing methamphetamine." Doc. No. 9-4 at 14.  According to Bailey, the officers who executed a search warrant on his residence "discovered only a

---

[3] Section 20-2-181(d)(15), Ala. Code 1975, provides that "[p]seudoephedrine, its salts, optical isomers, and salts of optical isomers" is a "precursor chemical."

single box of cold medication inside the residence and a few coffee filters containing some traces of powder that turned out *not* to be a controlled substance," while "[n]o other evidence from inside the residence tended to establish any of the elements of the offense of unlawful *manufacture* of a controlled substance." *Id.* (emphasis in original). Regarding evidence that the officers discovered outside his residence, including empty blister packs of cold medication, cold compresses, and what a State's witness identified as a "one-pot meth lab," Bailey argued that, although he was the lone occupant of the residence, "other people had also been present at different times prior to the search," and other individuals—including some "who were suspected of drug activity"—had access to his unfenced property and had been present on his property. *Id*. at 14–15.

Assessing the sufficiency of the State's evidence and addressing Bailey's arguments, the Alabama Court of Criminal Appeals stated:

> The State's evidence established that, during the execution of a search warrant on Bailey's home, law enforcement found opened Energizer batteries with the lithium strips removed, several packs of "cold compacts," several empty "blister packs" that once contained pseudoephedrine, "tubing" which is "used in the final state of the actual process," coffee filters, and a box of pseudoephedrine pills. These items, according to Detective [Michael] Rodgers, [a narcotics detective with the Opelika Police Department,] are used in the process of manufacturing methamphetamine.[4]
>
> In addition to finding items used in the manufacturing process, law enforcement also found a "one-pot bottle" outside of Bailey's house, which, was explained to be "the lab itself." Detective Rodgers explained that the one-pot bottle they located had "dark specks in it," which, he said, without objection, was lithium, and also had a white part, which, he said, also without objection, was "ammonia nitrate." Detective Rodgers further explained that the one-pot bottle is "extremely hazardous" because "it contains chemicals

---

[4] Detective Rodgers detailed his training and experience with the process of manufacturing methamphetamine and explained that he had worked over 50 cases involving methamphetamine labs.

8

> that could easily explode." Law enforcement also found a second bottle in a trash can that was in a "separate stage of the manufacturing process." Detective Rodgers also testified that law enforcement located a glass pipe used to ingest methamphetamine inside Bailey's home.
>
> Viewed in the light most favorable to the State, the evidence offered by the State was sufficient to establish that Bailey was in possession of a precursor substance—pseudoephedrine; that Bailey was in possession of "hazardous or dangerous" materials that "created a substantial risk to human health or safety or a danger to the environment"; that Bailey's clandestine lab took "place within 500 feet of a residence"; and that Bailey's clandestine lab "was for the production of [a] controlled substance[ ]"—methamphetamine. Thus, the State's evidence was sufficient to establish a prima facie case of first-degree unlawful manufacture of a controlled substance and to support the jury's verdict of guilty.
>
> . . . .
>
> Although Bailey contends that there exists a possibility that someone else may have dumped the methamphetamine-making items outside of Bailey's home, the State presented evidence that methamphetamine-making items were located both inside and outside of Bailey's home. Thus, although circumstantial, the evidence presented by the State created an inference that the items located outside Bailey's home belonged to Bailey and were used in the process of manufacturing methamphetamine. Based on the testimony and other evidence offered by the State, the jury reasonably could conclude that the evidence excluded every reasonable hypothesis except Bailey's guilt. Accordingly, the circuit court did not err in denying Bailey's motion for a judgment of acquittal.

Doc. No. 9-6 at 9–12 (footnote renumbered).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact readily could have determined Bailey's guilt beyond a reasonable doubt. If the jury believed the State's version of the events, it was clear that Bailey's conduct satisfied the requirements in § 13A-12-218, Ala. Code 1975, for first-degree manufacture of methamphetamine. The record reflects that methamphetamine-making items were found both inside and outside of Bailey's residence, creating the strong inference that the items

9

found outside the residence belonged to Bailey and that he used them—like the items found inside his residence—in manufacturing methamphetamine. Bailey has not shown that the Alabama Court of Criminal Appeals' decision finding that the evidence was sufficient to support his conviction was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented. *See Jackson*, 443 U.S. at 318-19 & 324; 28 U.S.C. § 2254(d)(1) & (2). Consequently, he is not entitled to habeas relief on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 7, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

    Done, on this the 24th day of January, 2018.

                                   /s/ Susan Russ Walker_____
                                   Susan Russ Walker
                                   United States Magistrate Judge